FILED IN OPEN COURT
ON 7-22-20 BRH
Peter A. Moore, Jr., Clerk
US District Court
Eastern District of NC

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:20-CR-345-1BO(4)

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>J. REFUGIO GOMEZ-JUAREZ ) | **INDICTMENT** |

The Grand Jury charges that:

### COUNT ONE

On or about September 1, 2010, in the Eastern District of North Carolina and elsewhere, the defendant, J. REFUGIO GOMEZ-JUAREZ, did knowingly attempt to procure his naturalization as a United States citizen contrary to law, by making a false statement under oath regarding his naturalization application, that is, on Part 10.D. Good Moral Character, Question 15 of his Application for Naturalization (Form N-400), in response to the question "Have you ever committed a crime or offense for which you were not arrested?" he answered "No" when in fact, as he then knew, he had committed the crime and offense of second degree forcible rape of a child by having vaginal intercourse with the child by force against her will knowing that the child was mentally disabled, on or about January 1, 2007, in Franklin County, North Carolina.

All in violation of Title 18, United States Code, Section 1425(a).

1

## COUNT TWO

On or about September 17, 2010, in the Eastern District of North Carolina and elsewhere, the defendant, J. REFUGIO GOMEZ-JUAREZ, did knowingly procure his naturalization as a United States citizen contrary to law, by knowingly making a material misrepresentation causing his acquisition of citizenship, that is, on Part 10.D. Good Moral Character, Question 15 of his Application for Naturalization (Form N-400), in response to the question "Have you ever committed a crime or offense for which you were not arrested?" he answered "No" when in fact, as he then knew, he had committed the crime and offense of second degree forcible rape of a child, on or about January 1, 2007.

All in violation of Title 18, United States Code, Section 1425(a).

## COUNT THREE

On or about September 17, 2010, in the Eastern District of North Carolina and elsewhere, the defendant, J. REFUGIO GOMEZ-JUAREZ, did knowingly procure evidence of citizenship for himself, to which he was not entitled, that is, the defendant obtained Certificate of Naturalization # XXXX5350 by virtue of his naturalization as a United States citizen, which the defendant knew to have been procured contrary to law, in that, the defendant, on or about May 5, 2010, on Part 10.D. Good Moral Character, Question 15 of his Application for Naturalization (Form N-400), in response to the question "Have you ever committed a crime or offense for which you were not arrested?" he answered "No" when in fact, as the defendant then knew, he

had committed the crime and offense of second degree forcible rape, on or about January 1, 2007, in North Carolina.

All in violation of Title 18, United States Code, Section 1425(b).

## COUNT FOUR

On or about September 27, 2010, in the Eastern District of North Carolina and elsewhere, the defendant, J. REFUGIO GOMEZ-JUAREZ, did knowingly apply for, and attempt to procure evidence of citizenship for himself, to which he was not entitled, that is, the defendant attempted to obtain a United States passport by virtue of his naturalization as a United States citizen, which the defendant knew to have been unlawfully procured, in that, the defendant, on or about May 5, 2010, on Part 10.D. Good Moral Character, Question 15 of his Application for Naturalization (Form N-400), in response to the question "Have you ever committed a crime or offense for which you were not arrested?" he answered "No" when in fact, as the defendant then knew, he had committed the crime and offense of second degree forcible rape, on or about January 1, 2007, in Franklin County, North Carolina.

All in violation of Title 18, United States Code, Section 1425(b).

## COUNT FIVE

On or about September 27, 2010, in the Eastern District of North Carolina and elsewhere, the defendant, J. REFUGIO GOMEZ-JUAREZ, did willfully and knowingly make a false statement in an application for a United States passport with the intent to secure the issuance of a passport, that is, in the application for such

passport the defendant declared under penalty of perjury that he had not knowingly and willfully included false documents in support of the application, when in fact the defendant submitted Certificate of Naturalization # XXXX5350, which the defendant knew to have been fraudulently procured, in that, the defendant, on or about May 5, 2010, on Part 10.D. Good Moral Character, Question 15 of his Application for Naturalization (Form N-400), in response to the question "Have you ever committed a crime or offense for which you were not arrested?" he answered "No" when in fact, as the defendant then knew, he had committed the crime and offense of second degree forcible rape, on or about January 1, 2007, in Franklin County, North Carolina.

All in violation of Title 18, United States Code, Section 1542.

## COUNT SIX

On or about October 4, 2010, in the Eastern District of North Carolina and elsewhere, the defendant, J. REFUGIO GOMEZ-JUAREZ, did knowingly procure evidence of citizenship for himself, to which he was not entitled, that is, the defendant obtained United States passport # XXXXX0943 by virtue of his naturalization as a United States citizen, which the defendant knew to have been procured contrary to law, in that, the defendant, on or about May 5, 2010, on Part 10.D. Good Moral Character, Question 15 of his Application for Naturalization (Form N-400), in response to the question "Have you ever committed a crime or offense for which you were not arrested?" he answered "No" when in fact, as the defendant then knew, he

had committed the crime and offense of second degree forcible rape, on or about January 1, 2007, in Franklin County, North Carolina.

All in violation of Title 18, United States Code, Section 1425(b).

## COUNT SEVEN

Sometime on or after October 4, 2010, in the Eastern District of North Carolina and elsewhere, the defendant, J. REFUGIO GOMEZ-JUAREZ, did knowingly apply for, and attempt to procure evidence of citizenship for himself, to which he was not entitled, that is, the defendant attempted to obtain a United States passport by virtue of his naturalization as a United States citizen, which the defendant knew to have been fraudulently procured, in that, the defendant, on or about May 5, 2010, on Part 10.D. Good Moral Character, Question 15 of his Application for Naturalization (Form N-400), in response to the question "Have you ever committed a crime or offense for which you were not arrested?" he answered "No" when in fact, as the defendant then knew, he had committed the crime and offense of second degree forcible rape, on or about January 1, 2007, in Franklin County, North Carolina.

All in violation of Title 18, United States Code, Section 1425(b).

## COUNT EIGHT

On or about October 15, 2010, in the Eastern District of North Carolina and elsewhere, the defendant, J. REFUGIO GOMEZ-JUAREZ, did knowingly procure evidence of citizenship for himself, to which he was not entitled, that is, the defendant obtained United States passport # XXXXX0398 by virtue of his naturalization as a

5

United States citizen, which the defendant knew to have been procured contrary to law, in that, the defendant, on or about May 5, 2010, on Part 10.D. Good Moral Character, Question 15 of his Application for Naturalization (Form N-400), in response to the question "Have you ever committed a crime or offense for which you were not arrested?" he answered "No" when in fact, as the defendant then knew, he had committed the crime and offense of second degree forcible rape, on or about January 1, 2007, in Franklin County, North Carolina.

All in violation of Title 18, United States Code, Section 1425(b).

## COUNT NINE

On or about December 12, 2012, in the Eastern District of North Carolina and elsewhere, the defendant, J. REFUGIO GOMEZ-JUAREZ, did knowingly apply for, and attempt to procure evidence of citizenship for himself, to which he was not entitled, that is, the defendant attempted to obtain a United States passport by virtue of his naturalization as a United States citizen, which the defendant knew to have been procured contrary to law, in that, the defendant, on or about May 5, 2010, on Part 10.D. Good Moral Character, Question 15 of his Application for Naturalization (Form N-400), in response to the question "Have you ever committed a crime or offense for which you were not arrested?" he answered "No" when in fact, as the defendant then knew, he had committed the crime and offense of second degree forcible rape, on or about January 1, 2007, in Franklin County, North Carolina.

All in violation of Title 18, United States Code, Section 1425(b).

## COUNT TEN

On or about December 12, 2012, in the Eastern District of North Carolina and elsewhere, the defendant, J. REFUGIO GOMEZ-JUAREZ, did willfully and knowingly make a false statement in an application for a United States passport with the intent to secure the issuance of a passport, that is, in the application for such passport the defendant declared under penalty of perjury that he had not knowingly and willfully included false documents in support of the application, when in fact the defendant submitted Certificate of Naturalization # XXXX5350, which the defendant knew to have been fraudulently procured, in that, the defendant, on or about May 5, 2010, on Part 10.D. Good Moral Character, Question 15 of his Application for Naturalization (Form N-400), in response to the question "Have you ever committed a crime or offense for which you were not arrested?" he answered "No" when in fact, as the defendant then knew, he had committed the crime and offense of second degree forcible rape, on or about January 1, 2007, in Franklin County, North Carolina.

All in violation of Title 18, United States Code, Section 1542.

## COUNT ELEVEN

On or about December 31, 2012, in the Eastern District of North Carolina and elsewhere, the defendant, J. REFUGIO GOMEZ-JUAREZ, did knowingly procure evidence of citizenship for himself, to which he was not entitled, that is, the defendant obtained United States passport # XXXXX7334 by virtue of his naturalization as a United States citizen, which the defendant knew to have been procured contrary to

law, in that, the defendant, on or about May 5, 2010, on Part 10.D. Good Moral Character, Question 15 of his Application for Naturalization (Form N-400), in response to the question "Have you ever committed a crime or offense for which you were not arrested?" he answered "No" when in fact, as the defendant then knew, he had committed the crime and offense of second degree forcible rape, on or about January 1, 2007, in Franklin County, North Carolina.

All in violation of Title 18, United States Code, Section 1425(b).

A TRUE BILL
**REDACTED VERSION**
Pursuant to the E-Government Act and the federal rules, the unredacted version of this document has been filed under seal.
FOREPERSON

DATE: July 21, 2020

ROBERT J. HIGDON, JR.
United States Attorney

*Sebastian Kielmanovich*
BY: SEBASTIAN KIELMANOVICH
Assistant United States Attorney

8


Case 5:20-cr-00345-BO    Document 1    Filed 07/22/20    Page 8 of 8
